IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOHN N. WILSON, BARBARA
WILSON, CHRIS WILSON,
SARAH WILSON, JONATHON
WILSON, NORIKO WILSON,
INDIVIDUALLY AND d/b/a               No.  CIV 96-506 MV/RLP
LAMA MOUNTAIN RANCH, and
LAMA MOUNTAIN RANCH,**

              **Plaintiffs,**

vs.

**JEANNE DENVER, RAYMOND
LAUFERE, MARGARET NESS
and TONY TRUJILLO,
individually and in their capacity
as officers, commissioners and
mayordomo of the El Rito de la
Lama Acequia Association, and EL
RITO DE LA LAMA ACEQUIA
ASSOCIATION,**

              **Defendants.**

### MEMORANDUM OPINION AND ORDER
### DENYING E. W. SHEPHERD'S MOTION TO WITHDRAW

**THIS MATTER** comes before the Court on E. W. Shepherd's Motion to Withdraw as counsel for Defendants Denver and Trujillo, filed March 10, 1998 **[Doc. No. 28]**.  State Farm Fire and Casualty ("State Farm") retained Mr. Shepherd to defend Defendants Denver and Trujillo in this action.  On January 24, 1997, Mr. Shepherd entered an appearance as co-counsel on behalf of Defendants Denver and Trujillo.  One month later, State Farm informed Mr. Shepherd that they

were no longer providing a defense on behalf of Defendants Denver and Trujillo. Based upon that conversation, Mr. Shepherd prepared a Notice of Withdrawal and circulated it for approval by counsel of record. Assuming his motion had been circulated and filed with the Court, Mr. Shepherd closed the file.

In December of 1997, Mr. Shepherd realized that no withdrawal had been entered in the record. He again sought the consent of all counsel to withdraw or an agreement by Defendants Denver and Trujillo to assume financial responsibility for his participation in the case. Defendants Denver and Trujillo objected to the withdrawal on the grounds that State Farm withdrew its coverage without explanation and allowing Mr. Shepherd to withdraw would circumvent State Farm's duty to defend. Mr. Shepherd subsequently filed this motion seeking to withdraw.

Under New Mexico law, if an insurer wishes to withdraw from coverage in a case, it has the burden of proving that no allegations in the complaint can be construed to come within the policy coverage. Until the insurer meets this burden, it has a duty to defend. *See Lopez v. N.M. Public Schools Ins. Auth.*, 117 N.M. 207, 210 (1994). It is undisputed that State Farm has not offered an explanation for its withdrawal of coverage or made any attempt to demonstrate that no allegations in the complaint can be construed to come within the policy coverage. Allowing the attorney appointed by State Farm on behalf of Defendants to withdraw from the case would effectively allow State Farm to abandon their duty to defend without meeting the burden established by New Mexico law.

**IT IS THEREFORE ORDERED** that E. W. Shepherd's Motion to Withdraw as counsel for Defendants Denver and Trujillo, filed March 10, 1998 **[Doc. No. 28]** is hereby **DENIED**.

_____
**MARTHA VÀZQUEZ**
**U.S. DISTRICT COURT JUDGE**

Attorney for Plaintiffs:
    J. Scott Hall

Attorneys for Defendants Jeanne Denver and Tony Trujillo:
    Paul Yarbrough
    E. W. Shepherd
    Linda Andre-Wells
    Jane Gagne
    Steve Sugarman

Attorneys for Defendants Margaret Ness and Raymond Laufere:
    Paul Yarbrough
    Linda Andre-Wells
    Jane Gagne
    Steve Sugarman

Attorneys for Defendant El Rito De La Lama Acequia Association:
    Paul Yarbrough
    Linda Andre-Wells
    Steve Sugarman