IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN N. WILSON, BARBARA
WILSON, CHRIS WILSON, SARAH
WILSON, JONATHON WILSON,
NORIKO WILSON, and BENJAMIN
WILSON, individually and d/b/a
LAMA MOUNTAIN RANCH, and       CIV. NO. 96-0506 MV/RLP
LAMA MOUNTAIN RANCH, a
New Mexico Partnership

      Plaintiffs,

vs.

JEANNE "BUTCHIE" DENVER,
RAYMOND LAUFERE,
MARGARET NESS and TONY
TRUJILLO, individually and in their
capacity as officers, commissioners
and mayordomo of the El Rito de la
Lama Acequia Association, and EL
RITO DE LA LAMA ACEQUIA
ASSOCIATION,

      Defendants.

## MEMORANDUM OPINION AND ORDER

   This matter is before the Court on Plaintiffs' Motion to Enforce Agreement for Dismissal, filed July 20, 1998 **[Doc. No. 42]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**, as explained below.

**BACKGROUND**

Plaintiffs and Defendants are engaged in a dispute concerning the maintenance and operation of a ditch or "Acequia" which traverses Plaintiffs land but is maintained by Defendants. On January 17, 1997, Defendants moved to Dismiss. In this Court's Memorandum Opinion and Order of December 17, 1997, the Court struck several allegations from the Complaint.

Following the Court's Opinion and Order, the parties entered into new settlement negotiations in early January 1998. Counsel for Defendants proposed that Plaintiffs agree to dismiss with prejudice counts I and II, seeking punitive and compensatory damages, and to dismiss without prejudice counts III through VIII, seeking declaratory and injunctive relief, with the understanding that Plaintiffs would then re-file these claims in state court. In a letter dated April 22, 1998, counsel for Plaintiffs stated,

> we agree to the proposal you [counsel for Defendants] set out in your January 15, 1998 letter and repeated at the April 14th scheduling conference that the damages claims be dropped and that the remaining declaratory judgments claims be re-filed in state distruct court. . . . A proposed form of Rule 41 stipulation will be sent to you soon.

Having received no proposed stipulation from Plaintiffs, Defendants sent to Plaintiffs their own draft of a Rule 41 Stipulation of Dismissal on April 29, 1998. In the letter accompanying this draft, Defendants make reference to their need to receive certain items of discovery, "if for some unforseen reason we are not able to reach a stipulated dismissal." Plaintiffs did not sign the proposed Stipulation of Dismissal but rather, on May 7, 1998, returned to Defendants a revised Stipulation of Dismissal which provided that each party would pay their own costs and fees. The parties continued to exchange drafts of the proposed Stipulation and negotiate its exact terms and wording through June 1998.

On July 20, 1998, Plaintiffs filed this Motion seeking to enforce the "agreement" to dismiss as memorialized in the original proposed Stipulation of Dismissal sent to them by Defendants on April 29th. Defendants oppose, responding that the Stipulation remains unsigned and that there has been no meeting of the minds.

## DISCUSSION

Federal Rule of Civil Procedure 41 provides that a case may be dismissed "by filing a stipulation of dismissal signed by all parties who have appeared in the action." The parties in the present action have failed to sign the Stipulation of Dismissal which Plaintiffs asks this Court to enforce. According to the plain words of the Rule, the Court cannot enforce a Stipulation which has not been signed. *See Green v. Nevers*, 111 F.3d 1295, 1300 (6th Cir. 1997).

Plaintiffs asks this Court to alternatively enforce the "agreement" to dismiss which Plaintffs assert the parties reached. However, the Court agrees with Defendants that Plaintiffs have failed to prove a meeting of the minds. Although Plaintiffs April 22nd letter contains the statement "we agree to the proposal you set out . . .," arguably an unconditional acceptance, the letter later states, "[a] proposed Rule 41 stipulation will be sent," demonstrating that the terms of the agreement remained uncertain. Indeed, when Defendants sent their own proposed Stipulation to Plaintiffs, Plaintiffs rejected the document by submitting their own revised draft in response. *Fratello v. Socorro Electric Cooperative, Inc.,* 107 N.M. 378, 381, 758 P.2d 792, 795 (1988). Plaintiffs cannot now seek to enforce a stipulation agreement which they themselves rejected.

Because the Rule 41 Stipulation is unsigned and because there has otherwise been no meeting of the minds, the Court will not enforce the "agreement" to dismiss.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Enforce Agreement for Dismissal **[Doc. No. 42]** is hereby **DENIED**.

_____
MARTHA VÁZQUEZ
U.S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
    J. Scott Hall

Attorneys for Defendants:
    Paul Yarbrough
    E. W. Shepherd
    Linda Andre-Wells
    Jane Gagne
    Steve Sugarman