IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN N. WILSON, BARBARA
WILSON, CHRIS WILSON, SARAH
WILSON, JONATHON WILSON,
NORIKO WILSON, and BENJAMIN
WILSON, individually and d/b/a
LAMA MOUNTAIN RANCH, and         CIV. NO. 96-0506 MV/RLP
LAMA MOUNTAIN RANCH, a
New Mexico Partnership

                Plaintiffs,

vs.

JEANNE "BUTCHIE" DENVER,
RAYMOND LAUFERE,
MARGARET NESS and TONY
TRUJILLO, individually and in their
capacity as officers, commissioners
and mayordomo of the El Rito de la
Lama Acequia Association, and EL
RITO DE LA LAMA ACEQUIA
ASSOCIATION,

                Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss for Failure to Comply with Court Order Compelling Disclosures, filed August 4, 1998 **[Doc. No. 46]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**, as explained below.

**BACKGROUND**

Plaintiffs and Defendants are engaged in a dispute concerning the maintenance and operation of a ditch or "Acequia" which traverses Plaintiffs' land but is maintained by Defendants. On January 17, 1997, Defendants moved to Dismiss. In this Court's Memorandum Opinion and Order of December 17, 1997, the Court struck several allegations from the Complaint.

Following the Court's Opinion and Order, the parties entered into new settlement negotiations in early January 1998. Counsel for Defendants proposed that Plaintiffs agree to dismiss with prejudice counts I and II, seeking punitive and compensatory damages, and to dismiss without prejudice counts III through VIII, seeking declaratory and injunctive relief, with the understanding that Plaintiffs would then re-file these claims in state court. The parties continued to discuss this possibility, exchanging drafts of a proposed Rule 41 Stipulation, through June 1998. On July 20, 1998, Plaintiffs filed a motion seeking to enforce the "agreement" to dismiss as memorialized in the first proposed Stipulation of Dismissal but unsigned by the parties. This Court denied the motion in a Memorandum Opinion and Order of October 27, 1998, **[Doc. No. 51]** finding that there had been no meeting of the minds.

Meanwhile, the Magistrate Judge had entered an order requiring Plaintiffs to file Rule 26(a) disclosures on damages and the names and addresses of their witnesses by June 30, 1998. On June 26, Plaintiffs requested of Defendants that this deadline be extended given their ongoing negotiations. Defendants denied the request on June 29th.

In a letter dated June 30, Plaintiffs mailed to Defendants the names and addresses of their witnesses. Defendants state that they did not receive this document until July 6th. On July 6, Defendants, for their part, served the instant motion seeking to dismiss the Complaint for failure

2

to provide the required disclosures. In a letter dated July 7, Plaintiffs sent to Defendants the final Rule 26(a) disclosures. Defendants state that they received this document on July 9th. Defendants continued to pursue the motion to dismiss, despite having received all of the required documents, and the motion was filed as a packet on August 4, 1998.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 37, this Court may impose sanctions for the failure to comply with a court order and discovery obligations, up to and including dismissal of the complaint. However, in the present case, Plaintiffs have fully complied. The fact that Plaintiffs' were seven to nine days late in complying is alone insufficient grounds for the imposition of sanctions, let alone for the ultimate sanction of dismissal. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Defendants have not argued that they were prejudiced by this delay but merely request that this Court dismiss the Complaint on the principle of the matter and because, in their words, "this case is dying a most ungraceful but long overdue death." Defendants' Memorandum, p.1. These are insufficient grounds for this Court to dismiss this case. *See Ehrenhaus*, 965 F.2d at 920.

This is the second attempt by the parties to impose a dismissal in this case in lieu of a settlement. While it is apparent that settlement negotiations have once again foundered, it is not the proper role of this Court to put the parties out of their misery, so to speak. The power to resolve this dispute lies with the parties not the Court.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Failure to Comply with Court Order Compelling Disclosures **[Doc. No. 46]** is hereby **DENIED**.

_____
MARTHA VÀZQUEZ
U.S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
    J. Scott Hall

Attorneys for Defendants:
    Paul Yarbrough
    E. W. Shepherd
    Linda Andre-Wells
    Jane Gagne
    Steve Sugarman